

**SIGNED this 09th day of December, 2009.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RUBEN O. MONTELONGO | ) | Case No. 09-31743-LMC |
| | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| RUBEN O. MONTELONGO | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adversary No. 09-03019 |
| | ) | |
| GEORGE CISNEROS and | ) | |
| EXIT STAGE LEFT, INC. | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM DECISION ON DEFENDANTS' MOTION TO ABSTAIN OR ABATE
PENDING <u>APPEAL</u>**

1

Came on for consideration the foregoing matter. On August 10, 2009, the above-captioned debtor (the "Debtor") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.[1] On September 18, 2009, the Debtor filed a motion to convert his case to one under chapter 11 of the Bankruptcy Code [Docket No. 20]. The Debtor's request to convert his case was granted on September 25, 2009 [Docket No. 22]. Prior to the conversion, on August 18, 2009, the Debtor commenced an adversary proceeding (the "AP") against George Cisneros and Exit Stage Left, Inc., the above-captioned defendants (collectively, the "Defendants").[2] On September 30, 2009, the Defendants filed their Motion to Abstain Or Abate Pending Appeal (the "Motion") [AP Docket No. 11]. On October 13, 2009, the Debtor objected to the Motion (the "Objection") [AP Docket No. 14]. The parties arguments are the following.

In the Motion, the Defendants provide some background facts. Pre-petition, the Cisneros sued the Debtor in state court asserting breach of contract. Cisneros prevailed after a jury trial and was awarded $352,903.09. The judgment is final and is being appealed by the Debtor. On October 30, 2008, the Debtor asked the state court to set a bond for suspension of enforcement of judgment and posted a bond in the amount of $26,271.56. Cisneros contested this request and the state court set bond at $232,726. The Debtor then filed a motion to lower the bond with the Eighth Court of Appeals, which issued a Temporary Order. On September 11, 2009, this court lifted the stay so that the parties could proceed with that appeal.

The Defendants contend that the Debtor is asking this court to litigate matters that have already been decided in state court and are on appeal in state court. The bond was posted for an appeal that is still pending and this court should not decide its disposition. Moreover, the Defendants argue that the Debtor's request for a declaratory judgment with respect to Cisneros' interest in the Debtor's assets is a challenge to the validity of the state court's ruling, which is also on appeal. Finally, the Defendants

---

[1] The debtor's main case is at 09-31743.
[2] The adversary proceeding is at 09-03019.

believe that Debtor's request that the court decide what property he should receive should he prevail also seems to be more appropriately heard by the state courts. For these reasons, the Defendants ask that you permissively abstain, pursuant to 28 U.S.C. § 1334(c)(1), from hearing this adversary proceeding.

The Debtor objects to the Motion and asserts a number of arguments. First, abstaining would contravene the most basic principles of the Bankruptcy Code. Namely, it would allow one creditor – Cisneros – to race to the courthouse ahead of other creditors, which would affect the equality of distribution of the estate's assets. Also, it would not preserve the Debtor's estate nor allow for the Debtor to rehabilitate himself under the comforting blanket of the automatic stay. The Debtor then goes on to argue the merits of the bond motion that is currently on appeal in the Eighth Circuit Court of Appeals, which this court will not repeat here.

For the reasons stated below, the court GRANTS the Defendants' Motion and permissively abstains from hearing this AP pursuant to 28 U.S.C. § 1334(c)(1) and the *Rooker-Feldman* doctrine.

Permissive or discretionary abstention of a claim is available under 28 U.S.C. § 1334(c)(1). This section provides that:

> (c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Permissive abstention "'arose from traditional notions of abstention which allow courts to decline to assert otherwise valid subject matter jurisdiction in instances in which they find matters are better resolved in state court or where the interests of justice so demand.'" *WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 603 n.1 (S.D. Tex. 1999) (citing *In re Simmons*, 205 B.R. 834, 847 (Bankr. W.D. Tex. 1997) (Clark, B.J.)) Permissive abstention is available as to both core and non-core claims. *See Briese v. Conoco-Phillips Co.*, 2009 U.S. Dist. LEXIS 11772, at *18 (W.D. La. Feb. 3, 2009) (citing *Matter of Gober*, 1195 F.3d 1195, 1206 (5th Cir. 1996)). Courts have listed

fourteen factors that a court may consider in deciding whether to permissively abstain from hearing a matter:

> (1) the effect on the efficient administration of the estate if abstention is exercised; (2) the extent to which state-law issues predominate over bankruptcy issues; (3) whether the law is difficult or unsettled; (4) whether a related proceeding has commenced in state court or other non-bankruptcy court; (5) whether there is another jurisdictional basis besides § 1334; (6) how closely related the suit is to the main bankruptcy case; (7) the substance, rather than form, of the case; (8) the possibility of severing state-law claims from the core bankruptcy matters to allow judgment in state court and enforcement in bankruptcy court; (9) the burden on the bankruptcy court; (10) the likelihood that removal involves forum shopping; (11) existence of a right to jury trial; (12) the presence of nondebtor parties; (13) comity; and (14) the possibility of prejudice to others in the action.

*N. Natural Gas Co. v. Sheerin*, 2003 U.S. Dist. LEXIS 20049, at *25-26 (W.D. Tex. Oct. 20, 2003); *see also First Bank v. Arafat*, 2006 U.S. Dist. LEXIS 64562, at *13-14 (S.D. Tex. Sept. 11, 2006). Notably, "[n]o one factor is determinative, and the Court must balance with flexibility in light of the circumstances in a particular controversy." *Id.* at *26.

On the other hand, the *Rooker-Feldman* doctrine is jurisdictional. *New Eng. Power and Marine, Inc. v. Town of Tyngsborough (In re Middlesex Power Equip. & Marine, Inc.)*, 292 F.3d 61, 66 n. 1 (1st Cir. 2002) ("The *Rooker-Feldman* doctrine is jurisdictional in nature; if a case is dismissed because the *Rooker-Feldman* doctrine applies, it means the court has no subject matter jurisdiction to hear the case.") One court described it thusly:

> The *Rooker-Feldman* doctrine traces its origins to two U.S. Supreme Court cases, *Rooker v. Fidelity Trust, Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). This doctrine recognizes that U.S. district courts are courts of original, not appellate jurisdiction. Thus, 'lower federal courts are without subject matter jurisdiction to sit in direct review of state court decisions'. 'Even if jurisdiction would otherwise exist under 28 U.S.C. § 1334 over a given dispute, a bankruptcy court may not exercise jurisdiction over that dispute if, by so doing, it would be granting federal review of a state court determination or of an issue that is 'inextricably intertwined' with a state court judgment.' …
>
> *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its holding. *Deciding whether Rooker-Feldman bars the plaintiffs' federal suit therefore requires that we determine what the state court held and whether the relief that the plaintiffs requested in their*

> *federal action would void the state court's decision or would require us to determine that the decision was wrong.*

*Halvorsen v. Mendez (In re Mendez)*, 246 B.R. 141, 145 (Bankr. D.P.R. 2000) (citations omitted) (emphasis original). "*Rooker-Feldman* also precludes a federal action if the relief requested in the federal action 'would effectively reverse the state court decision or void its holding.'" *New Eng. Power & Marine, Inc. v. Town of Tyngsborough (In re Middlesex Power Equip. & Marine, Inc.)*, 2001 U.S. Dist. LEXIS 24294, at *15-16 (D. Mass. Aug. 14, 2001).

Here, the court finds that the *Rooker-Feldman* doctrine in part compels this court to abstain from hearing the AP. Both the final judgment as well as the Debtor's bond request have been decided by the state court and are currently on appeal. For this court to reconsider the merits of either of those decisions would, in this court's view, essentially be "'…granting federal review of a state court determination or of an issue that is 'inextricably intertwined' with a state court judgment.'" *In re Mendez*, 246 B.R. at 145. This the court cannot and will not do. Thus, the court finds that it lacks subject matter jurisdiction over these two portions of the AP.

Lastly, as for the Debtor's third request – that the court decide what property the Debtor would be entitled to receive from Cisneros should the Debtor prevail on appeal – the court permissively abstains from hearing the matter pursuant to § 1334(c)(1). The court agrees with the Defendants that such a determination is better made by the state court after the appeal has been heard and decided. It would be a waste of this court's resources to make such a determination at this point in time.

The court would like to make clear that by abstaining from hearing the AP, the Defendants are not free to <u>collect</u> on the judgment that is currently being appealed by the Debtor, which would be a violation of the automatic stay provided in 11 U.S.C. § 362(a). Currently there are funds on deposit with the state district court. If the state court rules that these funds constitute a bond, pending appeal, then the funds will of course remain in the registry of the district court. If on the other hand the state court rules that the funds in the registry to not constitute a bond, then the funds must be returned to the debtor. They

5

may not be turned over to the appellees in the state court action, because the funds would constitute property of the bankruptcy estate and may not be turned over to any creditor absent an order of this court.

For the reasons stated, the Motion is granted. Movant shall submit an order consistent with this ruling for the court's entry.

###