**SO ORDERED.**

**SIGNED this 22nd day of December, 2009.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
## Western District of Texas
## El Paso Division

| In re | Bankruptcy Case No. |
|---|---|
| Ruben O. Montelongo | 09-31743-C |
| *Debtor* | Chapter 11 |
| Ruben O. Montelongo | |
| *Plaintiff* | |
| v. | Adv. No. 09-3019-C |
| George Cisneros & Exit Stage Left, Inc. | |
| *Defendants* | |

**Order Granting in Part Motion for Reconsideration**

Came on for consideration the Plaintiff's motion for reconsideration of this court's memorandum decision and order on the defendant's motion for abstention. The court granted the defendant's motion for abstention in that decision. The plaintiff now asks the court to reconsider. Bankruptcy court may reconsider their orders pursuant to either Rule 9023 or or 9024, rules which incorporate Rules 59 and Rule 60 of the Federal Rules of Civil Procedure. This motion qualifies under Rule 9023.

A court may reconsider its decision if, among other reasons, the decision is manifestly unjust. Manifest injustice might be shown by either an egregious error of fact or a serious misstatement of the law. Both grounds are claimed here. The Plaintiff is right on one of those grounds.

Plaintiff first says that the court made a factual error, mistakenly findiing that the state court order setting the bond was on appeal in the Eighth Court of Appeals. On this point the plaintiff may be right. The error, however, is not egregious. Regardless whether the bond order is to be reconsidered by the state trial court or the state appellate court, the one court that cannot and should not reconsider the bond order is this court. Thus, the motion for reconsideration premised on this ground is denied.

Plaintiff second says that the court misapprehended the scope of the complaint. On this point, the Plaintiff is correct. The complaint does indeed challenge the validity of the lien that the Defendants claim as a result of their abstract of judgment, and their order for turnover of property (entered pre-petition). When this adversary was first filed, the Plaintiff had no legal grounds for contesting this asserted lien because the case was filed as a chapter 7 case. Only the chapter 7 trustee had standing to pursue such an action, invoking as it does the avoidance procedures in chapter five of title 11. When this case was converted to a case under chapter 11, however, the Plaintiff gained standing, because now he could sue as debtor in possession, the inheritor of the chapter 7 trustee's standing.

The court was in error to the extent that its memorandum decision might be read as an abstention ruling as to the entire adversary proceeding. The court has abstained with respect to the question whether the $26,000 or so now "posted" with the registry of the state court qualifies as a bond. The state court will have to decide that question. The court should not, however, abstain with respect to the Plaintiff's chapter 5 causes of action, which this court construes to include the Plaintiff's claim regarding the reach and scope of the abstract of judgment relative to the real estate lien notes held by Plaintiff, and the reach and scope of the turnover order with regard to those notes (and their proceeds). The court does *not* abstain with regard those causes of action.

The Memorandum Decision and Order is modified accordingly.

### #